IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIFFANY LEWIS, | : | |
| | : | |
|    Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | Jury Trial Demanded |
| GOOD GROUND | : | |
| DEVELOPMENT CENTER, | : | |
| LLC, BRADFORD FARMER, | : | |
| and VERONICA FARMER, | : | |
| | : | |
|    Defendants. | | |

## COMPLAINT

Plaintiff Tiffany Lewis ("Ms. Lewis"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Good Ground Development Center, LLC ("Good Ground"), Brad Farmer ("Mr. Farmer") and Veronica Farmer ("Mrs. Farmer") (collectively "Defendants") and shows the Court as follows:

## 1.   INTRODUCTION

### 1.

Ms. Lewis brings this action primarily because she was not paid for FLSA overtime worked while completing required medical documentation.

### 2.

In addition to her federal causes of action, Ms. Lewis asserts pendent state law for (1) breach of contract, (2) quantum meruit and (3) promissory estoppel because Defendants failed to compensate her for all hours she worked during her last week of employment and for all mileage she incurred.

## 2.   JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 4.

This Court has supplemental jurisdiction over Ms. Lewis' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Good Ground is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### 3.   THE PARTIES

6.

Ms. Lewis resides in Clayton County, Georgia.

7.

Good Ground employed Ms. Lewis as a Licensed Practical Nurse in and around Atlanta, Georgia from March 18, 2016 until October 18, 2017.

8.

Good Ground is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Good Ground. has been an "employer" of Ms. Lewis as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

At all times material hereto, Ms. Lewis has been an "employee" of Good Ground as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

Good Ground is subject to the personal jurisdiction of this Court.

12.

Good Ground may be served through its you registered agent Veronica N. Farmer at 1691 Phoenix Boulevard, Suite 115, Atlanta, Georgia 30349.

13.

Mr. Farmer resides within Clayton County, Georgia.

14.

At all times material hereto, Mr. Farmer was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

15.

Mr. Farmer is subject to the personal jurisdiction of this Court.

16.

Mr. Farmer may be served with process at his home located at 692 Beechwood Court 23D, Jonesboro, Georgia 30238 or wherever he may be found.

17.

Mrs. Farmer resides within Clayton County, Georgia.

18.

At all times material hereto, Mrs. Farmer was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

Mrs. Farmer is subject to the personal jurisdiction of this Court.

20.

Mrs. Farmer may be served with process at his home located at 692 Beechwood Court 23D, Jonesboro, Georgia 30238 or wherever she may be found.

**A.    Individual Coverage:**

21.

From on or about March 18, 2016 until October 18, 2017, Ms. Lewis has been "engaged in commerce" as an employee of Good Ground as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**B.    Enterprise Coverage:**

22.

From on or about March 18, 2016 until October 18, 2017, Good Ground was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

From on or about March 18, 2016 until October 18, 2017, two or more employees of Good Ground handled materials used by the company for its business purpose including, but not limited to, office furniture, cell phones, computers, and office supplies.

24.

During 2016, Good Ground had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2017, Good Ground had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2016, Good Ground had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2017, Good Ground had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2016, Good Ground had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2017, Good Ground had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, Good Ground has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

C.    **Statutory Employer**

31.

At all times material hereto, Mr. Farmer exercised operational control over the work activities of Ms. Lewis.

32.

At all times material hereto, Mr. Farmer was involved in the day to day operation of the Good Ground in which Ms. Lewis worked.

33.

At all times material hereto, Good Ground vested Mr. Farmer with supervisory authority over Ms. Lewis.

34.

At all times material hereto, Mr. Farmer exercised supervisory authority over Ms. Lewis.

35.

At all times material hereto, Mr. Farmer scheduled Ms. Lewis' working hours or supervised the scheduling of Ms. Lewis' working hours.

36.

At all times material hereto, Mr. Farmer exercised authority and supervision over Ms. Lewis' compensation.

37.

At all times material hereto, Mrs. Farmer exercised operational control over the work activities of Ms. Lewis.

38.

At all times material hereto, Mrs. Farmer was involved in the day to day operation of the Good Ground in which Ms. Lewis worked.

39.

At all times material hereto, Good Ground vested Mrs. Farmer with supervisory authority over Ms. Lewis.

40.

At all times material hereto, Mrs. Farmer exercised supervisory authority over Ms. Lewis.

41.

At all times material hereto, Mrs. Farmer scheduled Ms. Lewis' working hours or supervised the scheduling of Ms. Lewis's working hours.

42.

At all times material hereto, Mrs. Farmer exercised authority and supervision over Ms. Lewis' compensation.

43.

At all times material hereto, Good Ground, Ms. Lewis was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

44.

At all times material hereto, Good Ground did not employ Ms. Lewis in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Good Ground did not employ Ms. Lewis in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Good Ground did not employ Ms. Lewis in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Good Ground did not employ Ms. Lewis in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

**D.      Additional Factual allegations:**

48.

During the relevant time period, McGahee did not exercise discretion in making significant business decisions.

49.

During the relevant time period, Good Ground was a provider for Amerigroup (formerly Peachcare) that provided services for foster children.

50.

During the relevant time period, Ms. Lewis followed a protocol set by Defendants when interacting with Defendants' clients.

51.

During the relevant time period, Ms. Lewis' discretion is making decisions was limited and circumscribed by the policies and procedures set out by Defendants.

52.

During approximately the first six months of her employment with Defendants, Ms. Lewis regularly worked Monday, Tuesday and Wednesday in the office and, in addition, worked Thursday and Friday visiting clients' homes.

53.

During approximately the last year of her employment with Defendants, Ms. Lewis regularly worked Tuesday and Wednesday in the office and, in addition, worked Monday, Thursday and Friday visiting client's homes.

54.

During the days when Ms. Lewis was working in Defendants' office, she regularly worked 8 hours each day from approximately 9:00 a.m. until 5:00 p.m.

55.

During all times relevant to this action, Ms. Lewis regularly did not take a designated lunch break wherein she was relieved of all work duties.

56.

At all times during her employment, Defendants compensated Ms. Lewis on an hourly basis.

57.

Upon hire, Defendants advised Ms. Lewis that she would be compensated at an hourly rate of $25.00 plus $0.55 for each mile driven.

58.

During the relevant time period, Defendants did not compensate Ms. Lewis based upon a rate of $25.00 per hours but rather she was paid in units.

59.

During the relevant time period, Defendants compensated Ms. Lewis in units which accounted for only the time Ms. Lewis spent with Defendants' clients.

60.

During the relevant time period, Ms. Lewis was required to perform other tasks on behalf of Defendants' other than meeting with clients.

61.

During approximately the last year of Ms. Lewis' employment, Ms. Lewis was required to attend a weekly staff meeting each Monday morning from approximately 9:00 a.m. until 12:00 p.m.

62.

During the relevant time period, Ms. Lewis drove to clients' homes during the work days wherein she was not working in Defendants' office.

63.

During the relevant time period, on work days wherein Ms. Lewis was not in Defendants' office, she spent approximately six (6) hours on those days visiting Defendants' clients.

64.

During the relevant time period, Defendants required Ms. Lewis to prepare a report for each client she met with.

65.

During the relevant time period, Ms. Lewis regularly prepared these reports after regular working hours.

66.

During the relevant time period, Ms. Lewis spent approximately 12-16 hour during each work week preparing these reports.

At all times relevant, Defendants were aware that Ms. Lewis prepared client reports after regular working hours and was not compensated for that work.

67.

During the relevant time period, Defendants instructed Ms. Lewis to present training to other employees

68.

Ms. Lewis spent time preparing for those classes

69.

Defendants were aware that Ms. Lewis spent uncompensated time preparing for these classes.

70.

During approximately the first 6 months of her employment with Defendants, Ms. Lewis worked approximately 51.5 hours performing work related duties on behalf of Defendants.

71.

During approximately the last year of her employment with Defendants, Ms. Lewis worked approximately 50.5 hours performing work related duties on behalf of Defendants.

72.

At all times relevant, Defendants were aware the actual hours that Ms. Lewis worked during each work week.

73.

During the relevant time period, Defendants failed to compensate Ms. Lewis for all mileage she incurred.

74.

Defendants failed to compensate Ms. Lewis for approximately 13 hours of unit time during the last week of her employment.

## 4.   COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

75.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

76.

At all times material hereto, Ms. Lewis has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

77.

During her employment with Defendants, Ms. Lewis regularly worked in excess of forty (40) hours each week.

78.

Defendants failed to pay Ms. Lewis at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 18, 2016 through October 18, 2017.

79.

Defendants willfully failed to pay Ms. Lewis at one-and-one-half times her regular rate for work in excess of forty (40) hours in any week from March 18, 2016 through October 18, 2017.

80.

Ms. Lewis is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

81.

As a result of the underpayment of overtime compensation as alleged above, Ms. Lewis is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

82.

As a result of the underpayment of overtime compensation as alleged above, Ms. Lewis is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## 5.    COUNT II - BREACH OF CONTRACT AS TO DEFENDANT GOOD GROUND

83.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

84.

Ms. Lewis and Good Ground were parties to a contract of employment (hereafter "the Contract") from on or about March 18, 2016 through October 18, 2017.

85.

The Contract provided that Good Ground would pay Ms. Lewis for work that was performed by Ms. Lewis on behalf of and for the benefit of Defendants.

86.

Good Ground's failure to pay Ms. Lewis for approximately 13 hours of time she spent meeting with children (i.e. unit time) during the last week of her employment constitutes a material breach of the Contract.

87.

Good Ground's failure to pay Ms. Lewis three (3) mileage checks in the amounts of $93.00, $200.00 and $115.00 constitutes a material breach of the Contract

88.

As the direct and foreseeable result of this breach, Ms. Lewis has sustained and continues to sustain damages in an amount to be proved at trial.

WHEREFORE, Ms. Lewis respectfully prays:

1.  That Ms.  Lewis be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Ms. Lewis have and recover judgment against Defendants for the pendent State claims herein asserted in amounts to be proved at trial;

3. That Ms. Lewis be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Delong Caldwell Bridgers
Fitzpatrick & Benjamin, LLC

/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

/s/ Kevin D. Fitzpatrick, Jr.
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiff